# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY MICHAEL PROSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10CV2042 DJS |
| | ) | |
| DAVID ODER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The Court has reviewed the complaint, and the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted

if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: David Oder (police officer); Timothy Craig (Deputy Sheriff); Gary Stolzer (Sheriff); Carl Kinsky (prosecuting attorney); and Raymond Weber (Judge).

Plaintiff claims that in November of 2002 he was subjected to a false arrest and an unlawful search of his home. Plaintiff alleges that defendants Craig and Oder participated in the search and arrest, and that defendant Stolzer should be held liable for defendant Craig's allegedly unlawful conduct because he was defendant Craig's supervisor. Plaintiff asserts that defendant Kinsky wrongfully applied for the search and arrest warrants and that defendant Weber unlawfully approved the warrants. Plaintiff seeks monetary relief for the purported unlawful conduct.

## Discussion

In <u>Wallace v. Kato</u>, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." <u>Wallace</u>, 127 S. Ct. at 1100. Plaintiff admits that he was detained in November of 2002. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. <u>Sulik v. Taney County, Mo.</u>, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). As the time for filing suit ran in November of 2007, plaintiff's claims are now barred by the statute of limitations and are subject to dismissal under § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A(b).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>10th</u> day of November, 2010.

/s/ Donald J. Stohr<br>
UNITED STATES DISTRICT JUDGE